| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

KEITH RUSSELL JUDD, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 1:07-CV-864
§
JOHN B. FOX, §
§
    Defendant. §

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff's appeals of the magistrate judge's order denying his motion to transfer the case to the Court of Federal Claims (#103 and #107). Plaintiff contends that the Court of Federal Claims has exclusive jurisdiction over this case under the Tucker Act.

Pursuant to the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over any claim, in excess of $10,000, against the United States founded upon the Constitution, an Act of Congress, a regulation of an executive department, an express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort. 28 U.S.C. § 1491(a)(1). The Court of Federal Claims and the federal district courts have concurrent jurisdiction over such claims that do not exceed $10,000 in amount. 28 U.S.C. § 1346(a)(2). The Tucker Act is a jurisdictional statute, it does not create an independent right of action. *United States v. Testan*, 424 U.S. 392, 398 (1976); *Rothe Dev. Corp. v. United States Dep't of Def.,* 194 F.3d 622, 625 (5th Cir. 1999).

Plaintiff originally filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Section 2241 provides the general jurisdictional basis for federal courts to consider challenges to both state and federal judgments. Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." To entertain a 2241 habeas petition, the district court must have jurisdiction over the prisoner or his custodian. *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). As plaintiff was confined within the jurisdictional boundaries

of this court at the time he filed the petition, the Court of Federal Claims does not have jurisdiction over his custodian.

Plaintiff amended the original pleading to seek damages under the Privacy Act, 5 U.S.C. § 552a. However, the Court of Federal Claims is not the proper forum to bring a claim under the Privacy Act, 5 U.S.C. § 552a. Title 5 U.S.C. § 552a provides that the district courts of the United States shall have jurisdiction in such matters. 5 U.S.C. § 552a(g)(1). Thus, plaintiff's claims do not vest exclusive jurisdiction in the Court of Federal Claims, and the interests of justice would not be served by transferring this case. As a result, plaintiff's motion to transfer the case should be denied.

Title 28 U.S.C. § 1292 provides, in pertinent part, the following: "When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion."[1]

## ORDER

For the reasons set forth above, plaintiff's appeals are without merit and should be denied. Accordingly, it is

**ORDERED** that the magistrate judge's order denying plaintiff's motion to transfer the case to the Court of Federal Claims is **AFFIRMED**. It is further

**ORDERED** that all pending motions are **DENIED** for administrative and statistical purposes in light of the 60 day waiting period required by 28 U.S.C. § 1292.

SIGNED at Beaumont, Texas, this 6th day of February, 2010.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] The statute also provides that "[t]he stay of proceedings shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary." 28 U.S.C. § 1292(d)(4)(B). However, in this action, injunctive relief is not appropriate because plaintiff is no longer confined at the Federal Correctional Complex in Beaumont, Texas. Plaintiff's transfer to another prison has rendered his claims for injunctive relief moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Cooper v. Sheriff, Lubbock County, Texas,* 929 F.2d 1078, 1084 (5th Cir. 1991).